# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DEANGELO SANDERS,

        Petitioner,    :    Case No. 1:25-cv-550

  - vs -                    District Judge Michael R. Barrett
                              Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

                             :
        Respondent.

## ORDER

This habeas corpus case, brought *pro se* by Petitioner DeAngelo Sanders, is before the Court on Petitioner's Motions for Assignment of a Schedule (ECF No. 11) and Appointment of Counsel (ECF No. 12).

The Magistrate Judge has already set a schedule for the pleadings. Respondent's Answer/Return of Writ and the State Court Record are now due to be filed by December 8, 2025 (See ECF No. 10). In accordance with the Order for Answer, Petitioner's Reply/Traverse will be due to be filed twenty-one days later. If the Return is served by mail, Petitioner will have an additional three days to file as provided by Fed.R.Civ.P. 6.

Any party's time to respond to a motion is twenty-one days after it is filed. The party who made the motion is entitled to fourteen days after the motion is opposed to file a reply memorandum in support.

1

Any time a Magistrate Judge acts on a matter, the parties have fourteen days to file objections with the District Judge. However, the Court declines to "bunch" objections times on different decisions. Some decisions are inherently pre-trial – e.g. a motion for discovery. Such motions must be decided before the Court reaches a decision on the merits.

Realizing that habeas petitioners have limited access to legal resources, the Court has usually been liberal in granting extensions of time, but they must be requested on an individual basis.

Regarding appointment of counsel, the Court recognizes that indigent habeas petitioners are eligible for appointment of counsel under 18 U.S.C. § 3006A, the Criminal Justice Act. However, this is a District in which there are a number of capital habeas corpus cases, for whom counsel must be appointed. Congress has not appropriated sufficient funds to compensated appointed counsel in non-capital cases and the Court cannot compel counsel to serve without compensation. *Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 300 (1989). Petitioner's Motion for Appointment of Counsel is DENIED.

November 25, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge
