# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

DEANGELO SANDERS,

                  Petitioner,     :           Case No. 1:25-cv-550

    - vs -                        District Judge Michael R. Barrett
                                    Magistrate Judge Michael R. Merz

WARDEN, Madison
  Correctional Institution,

                             :

           Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought *pro se* by Petitioner Deangelo Sanders to obtain relief from his conviction in the Hamilton County Court of Common Pleas (Petition, ECF No. 1). On the Court's Order, Respondent has filed the State Court Record (ECF No. 14) and a Return of Writ (ECF No. 15). Petitioner has filed a timely Reply (ECF No. 19), making the case ripe for decision.

**Litigation History**

The Hamilton County Grand Jury returned two separate indictments against Petitioner. In the case numbered B-1300037, he was charged with one count of aggravated felony murder, in violation of Ohio Revised Code § 2903.01(B), and one count of murder for killing Luttrell; one

1

count alleging the aggravated robbery of Jeffrey Luttrell and Payne, in violation of Ohio Revised Code § 2911.01(A)(1), each with accompanying firearm specifications; and one count of having a weapon under a disability. Two felonious-assault charges were later dismissed. In the case numbered B-1305979, Sanders was charged with the murder and the aggravated felony murder, also under Ohio Revised Code § 2903.01(B), of Joseph Payne (Indictment, State Court Record, ECF No. 14, Ex. 1).  A trial jury foiund Sanders guilty on all charged counts and the trial judge sentenced him to be imprisoned for seventy-seven years to life. *Id.* at Exs. 4, 6.

Sanders appealed to the Ohio First District Court of Appeals which affirmed his conviction and sentence.  *State v. Sanders*, Case Nos. C-140579 and C-140580 (Ohio App. 1st Dist. Dec. 16, 2015)(unreported; copy at State Court Record, ECF No. 14, Ex. 11).  Sanders filed an untimely notice of appeal and the Ohio Supreme Court dismissed the case. *Id.* at Exs. 12, 14.

On November 15, 2016, Sanders filed a petition for post-conviction relief under Ohio Revised Code § 2953.21, but did not appeal from it dismissal. He filed a second post-conviction petition on March 25, 2019, but again did not appeal from its dismissal.  On April 18, 2019, and June 17, 2019, Sanders filed Applications to Reopen his Direct Appeal under Ohio R. App. P. 26(B) which the First District dismissed as untimely without excusing cause.  The Supreme Court of Ohio declined to exercise jurisdiction over an appeal.

As detailed in the Return of Writ, Sanders has filed a number of other post-trial actions and motions in the Ohio courts, all of which have been unsuccessful (Return, ECF No. 15, PageID 2319-23).  He then filed the instant habeas corpus Petition, pleading the following grounds for relief:

> **GROUND ONE:** The State Of Ohio Erred When It Refused To Grant Petitioner A New Trial Due To New Evidence That Established Actual Innocence, Without Conducting Discovery or Further Investigation Through A Hearing.

**Supporting Facts:** Petitioner submitted new evidence to the State in the form of an affidavit of statement by Gracie Gallagher to demonstrate his innocence, after his counsel declined to present a case to the jury during his 2014 trial. When reduced her affidavit spoke to part of petitioner's alibi, how the weapon that was recovered from her home came to be there, a conversation she had with another party, who eventually accepted guilt, furnishing a detailed confession and the length to which she went to provide all this information to his attorney prior to trial. Petitioner notified the state that there was, in fact, other supporting evidence he wished to present at the evidentiary hearing on the matter, after the court settled discovery. The State granted petitioner leave to file the new trial. However, sometime later it denied the Motion for New Trial, without opinion. See Appendix No. 1. Petitioner timely appealed to the Local Appellate District. It found, in its partial attempt to address the merits, that although the clerk had lost the record, e.g. the affidavits, "Sanders's new trial motion" lacked merit. Sanders argues Gallagher's affidavit testimony demonstrates that he did not participate in the charged offenses because her testimony about their telephone call, which allegedly took place while the crimes were occurring, reflects a "normal" conversation. He contends that if he had participated in the crimes Gallagher would have overheard Sanders talking to the victims and the gunshots. Nevertheless, as noted above, Gallagher's affidavit is not in the record. Even if it was and Gallagher had attested as Sanders claims, her testimony does not demonstrate a strong probability of a different result if a new trial is granted and merely contradicts the evidence presented at trial considering Sanders's admission at trial that he was with his codefendant at the time of the crimes." Additionally, its dismissal of the request to depose the other witnesses and gather the other documents, through discovery, which would have supported the witness affidavit caused The State Court to reach a factual conclusion based upon facts that were incomplete due to its carelessness with the record, lack of discovery and /or a deposition. If this court were to find, however, that these failures did not contribute to an incomplete factual conclusion then the state's Decision clearly resulted in a mixed question of law and fact, triggering an "unreasonable application" of Clearly established United States Supreme Court Law, pursuant to 28 USCS 2254 (d)(1).

**GROUND TWO:** Petitioner Was Denied His Sixth Amendment To The United States Constitution, Right To Effective Assistance Of Counsel When His Attorney Failed To Investigate And Interview A Key Witness, Gracie Galagher, Who Approached Him Prior To Trial With Exculpatory Information.

3

**Supporting Facts:** Ms. Gracie Gallagher came forward with information regarding petitioner's case, of which he filed with the trial court as new evidence demonstrating his innocence. She happened to be the leaseholder of the home officers who had executed a search warrant leading to the recovery of a weapon and other evidentiary items used by the state, at trial. petitioner complained of an egregious defilement of *Strickland* when Gracie Gallagher approached his counsel prior to trial with exculpatory information concerning the weapon used in the incident, to information she received directly from her boyfriend, who was acting as a state's witness, and his brother who eventually accepted responsibility for this crime, and his counsel turned her away, deciding not to present a case at all. He made several requests for discovery and to depose witnesses who could support her affidavit. The State appellate Court found that Petitioner was procedurally barred from presenting the claim "Because Sanders has not demonstrated that he had been unavoidably prevented from discovering the facts upon which his postconviction claims depend and does not argue that his claims are based on a new right recognized by the United States Supreme Court, Sanders has not met the jurisdictional requirements of R.C. 2953.23." "With respect to his third claim of ineffective assistance of counsel based on trial counsel's failure to investigate and interview Gracie Gallagher, Sanders argues that he was unaware of the facts set forth in Gallagher's affidavit until she reached out to his family in August of 2022 and signed her affidavit in September of 2022. But according to Sanders's summary of the testimony contained in Gallagher's affidavit, he was a participant in the telephone conversation with Gallagher at the time the crimes were being committed, and he allegedly was with her when his codefendant approached them in the hallway of Gallagher's apartment building and confessed to committing the crimes on his own. Thus, Sanders was aware prior to trial of the facts underlying his third postconviction claim." See Appendix No. 2. This decision was made, however, incongruently to the trial court finding that this same evidence was in fact timely and was able to overcome the same exact unavoidable prevention standard set forth in R.C. 2953.23 (A)(1)(a). Due to the State Courts refusal to address the merits of his complaint because of an procedural bar AEDPA Deference does not apply and De-novo Review is necessitated.

**GROUND THREE:** The State Of Ohio Mercilessly Encroached Upon Petitioners Sixth Amendment To The United States Constitution, Right To A Trial By A Jury When It Entrusted A Judge To Make The Finding Of A Fact Raising The Defendant's Maximum

4

Penalty During The Sentencing Of A Capital Offense When He Was Entitled To A Full Mitigation Hearing With A Jury.

**Supporting Facts**: Petitioner submitted to the trial court through a motion for new trial that the court denied him of his right to a jury when it sentenced him, with a single judge, when he was entitled to a full mitigation hearing, with a jury. See Appendix No. 2. The Trial Court granted him leave to present the evidence because he was unaware of it due to his counsel's refusal to represent him in the Ohio Supreme Court on his direct appeal as she was paid to do by the state. See Appendix No. 1 A. then refusing to convey any of the record to him. Nevertheless, after reviewing the motion for new trial the court denied the claim without opinion. See Appendix 1C:(Docket I.D.#138527834), Petitioner timely appealed to the States Local Appeals Court, who refused to acknowledge the issue after briefing by the adversarial parties and finding the record to be missing. See Appendix No. 3; Appendix No. 7; Appendix No. 8. Petitioner has given the State a Full and fair opportunity to rule on his this claim. He submits that these particular circumstances rendered such reviewing process ineffective to exhaust state court remedies. Furthermore, due to the states refusal to address or even acknowledge the merits, AEDPA Deference is not required and De-Novo review is necessitated or even the court is not willing to progress without allowing the state another opportunity to give its two cents, then petitioner would request this court resolve it, as has been decided in the past, and vacate and remand the case back to the state court requiring them to address this significant legal question.

**GROUND FOUR:** Petitioner's Trial Counsel Failed To Object To The Trial Court Holding A Sentencing Hearing, Without A Jury, To Weigh The Mitigating Circumstances Contrary To Ring v. Arizona Violating His Sixth And Fourteenth Amendment To The United States Constitution Right To Effective Assistance Of Counsel.

**Supporting Facts:** Petitioner complained that due to his counsel's fit of incompetence in this case, the judge was permitted to proceed with making the "critical findings" about both "the existence and weight of aggravating circumstances" necessary to impose a sentence for capital offenses, without a jury. petitioner postured that had his counsel objected, there is a reasonable probability that given the weakness of the state's case and the inferences gathered from the jury's request to the court for a reduction of the charges, he would have received a sentence toward the lower range of sentencing. counsel's actions in effect violated sixth amendment right to a trial by jury and to effective assistance of counsel. he relied on the record so that he could point to the parts that were applicable to the hearing.

5

although it took him some time to acquire the record, it was because the Ohio disciplinary counsel finally demanded my attorney to provide me my transcripts. then the court found her (appeals counsel) to be ineffective because she was appointed by the state to represent me not just at the local appellate level but also in the Higher state Courts. See Appendix No. 10.11.

The state found, however, that with respect to his first two claims that his trial counsel was ineffective for failing to object to the nature of the sentencing hearing and the admission of hearsay testimony at trial, he argues that he did not discover the facts underlying those two claims until he recently received a copy of his trial transcripts. (He states that his appellate counsel failed to forward the complete transcripts to him in a timely fashion.) But Sanders did not need the trial transcripts to discover the fact that his trial counsel had failed to object because Sanders was present at his trial and the sentencing hearing and was able to see and hear his trial counsel's actions... Because Sanders has not demonstrated that he had been unavoidably prevented from discovering the facts upon which his postconviction claims depend and does not argue that his claims are based on a new right recognized by the United States Supreme Court, Sanders has not met the jurisdictional requirements of R.C. 2953.23." See Appendix No. 3. The States decision brought to the surface a mixed question of law and fact causing an "unreasonable application" of clearly established United States Supreme Court Law. But considering the state refused to reach the merits of the claim due to a haphazardly positioned state procedural bar, AEDPA deference is no longer applicable and De-novo review is necessitated.

**GROUND FIVE:** The State Of Ohio Violated Petitioners Sixth Amendment To The United States Constitution Right To Effective Assistance Of Counsel When He Failed To Object To Hearsay Testimony Made By A Detective Regarding Testimonial Out-Of-Court Statements Made By The Principle Offender, That Triggered His Right To Confrontation.

**Supporting Facts:** Petitioner complained yet again of counsel's lack of competence, concerning his failure to object to parts of a Detectives Testimony because they contained several out of court statements made by the principle offender during a police interrogations, that consequently inculpated him which triggered Mr. Sanders right to confrontation due to his co-defendants refusal to testify. The Co-defendant was the lynchpin of the State's case, which the jury was unconvinced at as evidenced by their questions, and had counsel objected there is a strong possibility that the result of the trial would have been different. He relied in most part on the

record. Although it took him some time to acquire the record, it was because the Ohio Disciplinary Counsel finally demanded my attorney to provide me my transcripts. Then the court found her (Appeals Counsel) to be ineffective because she was appointed by the state to represent me not just at the local appellate level but also in the Higher state Courts. See Appendix No. 10,11. The state held "With respect to his first two claims that his trial counsel was ineffective for failing to object to the nature of the sentencing hearing and the admission of hearsay testimony at trial, he argues that he did not discover the facts underlying those two claims until he recently received a copy of his trial transcripts. (He states that his appellate counsel failed to forward the complete transcripts to him in a timely fashion.) But Sanders did not need the trial transcripts to discover the fact that his trial counsel had failed to object because Sanders was present at his trial and the sentencing hearing and was able to see and hear his trial counsel's actions. Sanders has not met the jurisdictional requirements of R.C. 2953.23. Accordingly, we hold that the common pleas court did not have subject matter jurisdiction to entertain the merits of Sanders's postconviction petition and properly dismissed it." See Appendix No. 3. The state's refusal to address the merits of the complaint ensure that AEDPA deference no longer binds this courts ability to oppose the principles of which comity and finality apply. Thus, De-novo review must be harnessed by this court.

(Petition, ECF No. 1).

# Analysis

## Ground One:  Failure to Grant a New Trial

In his First Ground for Relief, Petitioner claims he was denied some unspecified constitutional right when the Ohio courts denied him a new trial when he had submitted evidence that proved his actual innocence.

The first occasion when Sanders submitted his new evidence claim to the state courts was in his Delayed Motion for New Trial, filed February 21, 2023 (State Court Record, ECF No. 14,

Ex. 46). Beginning on page 13 of that Motion, Sanders states:

> The Defendant now presents the newly discovered exculpatory Statements of Gracie Gallagher, that is in the form of an Affidavit, where she explains that she has information regarding an alibi on behalf of the Defendant, additional information regarding the weapon recovered from her_ home and a confession made by Ryan collier to her just hours after the incident.

(PageID 398). Sanders then represents that Ms. Gallagher's Affidavit contains the following which he "incorporates by reference":

> Around the time of the shooting incident that occurred in Westwood on November 1st 2012. I was in a relationship with Josh, "Joshua Collier," and he was staying with me at 2216 Harrison Ave., Apartment #3, in Cincinnati, Ohio. I also knew both Josh's brother Ryan, "Ryan Collier," and Deangelo, "Deangelo Sanders," from around the Westwood neighborhood.
>
> Earlier in the afternoon, on the day of the incident. I had actually called Deangelo on his phone. I cannot remember exactly how long but we talked for some time. But shortly thereafter our conversation ended. I began to hear that someone had been shot up the street from my apartment, from other people in the neighborhood.
>
> A day or so later my boyfriend, Josh, came home bolting through the apartment. So, I asked him what was wrong? He explained to me that he had taken a gun from his brother Ryan, who had stayed across the hall from us, because he may have got into some trouble and had to put it (the Gun) up.
>
> Almost a week later, I actually seen Ryan as I was walking to the mailbox in our hallway. Practically seconds later Deangelo showed up m the hallway as well. Ryan began talking about the incident to both of us. He admitted that he had killed two people down the street. When I pressed him for details he said "you know I go live." I asked Ryan if anyone was with him when the incident took place and he said he was alone.
>
> On the day of Deangelo's trial, I came down to. the courthouse and attempted to provide his attorney with information regarding his innocence. But his attorney did not allow me to even explain what I knew. Instead, he told me he knew I was Josh's girlfriend and that Josh was already testifying, so he did not need me.

> Around early August of 2022. I ran across Deangelo's Sister on
> Facebook. I texted her and explained that I had some information
> about his case. I figured his attorney never told him I showed up at
> his trial because he never contacted me.

*Id.* at PageID 401.

Ms. Gallagher's purported affidavit is not attached to the Motion.  Sanders' Motion for New trial was summarily denied without a hearing or an opinion. *Id.* at Ex. 49.  He appealed, raising as his first assignment of error:

> The Current Application of Ohio Crim. R. 33 Thru Ohio Civ. R. 59
> (A), Which Does Not Require the Trial Courts to Provide Findings
> Of Facts And Conclusions, Is Unconstitutional and Denied The
> Appellant Of His Right To Due Process.

(Appellate Brief, State Court Record ECF No. 14, PageID 448).  The First District decided this first assignment of error on the merits, holding

> {6} Sanders argues under his first assignment of error that he was
> denied due process when the common pleas court denied his new-
> trial motion without issuing findings of fact and conclusions of law.
> We overrule this assignment of error.  A trial court has "no duty to
> issue findings of fact and conclusions of law when [it] denies a
> Crim.R. 33 motion for a new trial." *State ex rel. Collins v. Pokorny,*
> 86 Ohio St.3d 70, 711 N.E.2d 683 (1999), citing *State v. Girts,* 121
> Ohio App.3d 539, 565, 700 N.E.2d 395 (8th Dist.1997).

(Opinion, State Court Record, ECF No. 14, Ex. 58, PageID 521).  It also noted that the purported Gallagher Affidavit was not in the record or attached to the Delayed Motion for New Trial. *Id.* at PageID 520.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), when a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v.*

9

*Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v.*
*Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v.*
*Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).

Sanders claims AEDPA deference is not warranted here because the state courts did not
decide his claim on the merits (Reply, ECF No. 19, PageID 2380).  He relies on *Williams v. Coyle,*
260 F.3d 684 (6th Cir. 2000).  In that case the Sixth Circuit reviewed *de novo* a claim under *Brady*
*v. Maryland*, 373 U.S. 83 (1963), having found no state court had reviewed that claim on the
merits.  *Williams* is inapposite because the First District did plainly decide Sanders was not
constitutionally entitled to findings of fact and conclusions of law on a motion for new trial.

Having concluded AEDPA does not apply, Sanders makes no effort to show the First
District's decision was contrary to or an objectively unreasonable application of clearly established
Supreme Court precedent.  But the Magistrate Judge knows of no such precedent.  So far as this
Court is aware, the Supreme Court has never held a state court defendant is constitutionally entitled
to findings of fact and conclusions of law on a motion for new trial.

Because Petitioner's First Ground for Relief is without merit, it should be dismissed on
that basis.  There is no need to delve into the complex factual questions presented by Respondent's
statute of limitations defense of Ground One.

**Ground Two:  Denial of Effective Assistance of Trial Counsel**

Sanders claims he was denied his Sixth Amendment right to the effective assistance of
counsel when his trial attorney failed to investigate the facts Ms. Gallagher includes in her
purported affidavit which she allegedly tried to communicate to trial counsel "on the day of

Deangelo's trial."

Because the facts of Ms. Gallagher's communication with trial counsel were not of record at the time of the direct appeal (i.e., they were *dehors* the record, as Ohio law has it), they had to be presented by a petition for post-conviction relief under Ohio Revised Code § 2953.21. Sanders filed such a Petition on the same day he filed for a new trial (State Court Record, ECF No. 14, Ex. 62). Because Sanders had filed a prior petition for post-conviction relief, he had to meet the criteria for a successive petition enacted in Ohio Revised Code § 2953.23. He asserted he was unavoidably prevented from bringing this claim earlier because

> This claim is based on an Affidavit obtained by the petitioner, from Gracie Gallagher, after being contacted by her, around the beginning of August 2022, because she had attempted to contact the petitioners counsel but was never contacted again regarding the information she had attempted to provide.

*Id.* at PageID 535. Sanders repeats the summary of Ms. Gallagher's purported affidavit that he made in the motion for new trial, but again does not attach the affidavit. The Common Pleas Court summarily denied the Successive Petition on June 21, 2023. *Id.* at Ex. 64. The State Court Record does not show Sanders ever appealed from this decision. Instead he filed in the First District a Motion to Correct Omissions to add the Gallagher Affidavit to the record (State Court Record, ECF No. 14, Ex. 66). The First District denied that Motion, again noting the absence of the purported affidavit.

The best evidence of the content of an affidavit is the affidavit itself, not the hearsay representation of an interested party of what the affidavit contains. Although the Common Pleas Court's decision on the post-conviction petition is summary, it is supported by the First District's decision on the motion to correct the record. Essentially, Sanders failed to prove that his trial attorney was aware of the information he claims Ms. Gallagher was prepared to testify to.

To establish a claim of ineffective assistance of trial counsel, a petitioner must show both deficient performance by his trial attorney and resulting prejudice.  *Strickland v. Washington,* 466 U.S. 668 (1984).  Sanders has failed to show the Common Pleas Court's decision on this claim is contrary to or an objectively unreasonable application of *Strickland*.

Alternatively, this claim is procedurally defaulted by Sanders' failure to appeal the denial of his Successive Petition in which he raised this claim to the First District.  Ground Two should be dismissed.  Because the claim fails on the merits and is procedurally defaulted, the Court need not analyze the statute of limitations defense.

**Ground Three:  Failure to Submit Sentencing Factors to the Jury**

In his Third Ground for Relief, Petitioner asserts he was denied his Sixth Amendment right to a jury participation in the determination of sentence.  Although Respondent raises procedural default and statute of limitations defenses to Ground Three, it is not necessary to engage in that extended analysis because Ground Three fails to state a claim upon which habeas corpus relief can be granted.  Although Sanders was indicted for a capital offense, the prosecutor never sought a capital sentence in this case.  Habeas relief is available only in case where the state conviction violates the Constitution as interpreted in the holdings of the Supreme Court.  The Supreme Court has never held a state defendant is entitled to a jury on sentencing questions in cases where the death sentence is not a possible outcome.  *Ring v. Arizona*, 536 U.S. 584 (2002), and *Hurst v. Florida*, 577 U.S. 92 (2016), are not to the contrary.

Ground Three should be dismissed for failure to state a claim upon whicjh hanbeas relief can be granted.

**Ground Four: Ineffective Assistance Of Trial Counsel: Failure to Raise Jury Trial Right**

In his Fourth Ground for Relief, Sanders asserts he received ineffective assistance of trial counsel when his trial counsel failed to object to exclusion of the jury from sentencing determination. Because such an objection would not have had any merit, it was not ineffective assistance of trial counsel for failure to raise the objection. Ground Four should be dismissed as without merit.

**Ground Five: Ineffective Assistance Of Trial Counsel: Failure To Object To Hearsay**

In his Fifth Ground for Relief, Petitioner claims he received ineffective assistance of trial counsel when his trial attorney failed to object to a police officer's testimony about out of court statements made by the "principle [sic] offender."

This omission would have appeared on the face of the record on direct appeal. Under Ohio law claims of ineffective assistance of trial counsel which appear on the appellate record must be raised on direct appeal or be barred in later proceedings by *res judicata*. *State v. Perry*, 10 Ohio St. 2d 175 (1967). Sanders blames the omission on ineffective assistance of appellate counsel who he asserts abandoned him (Reply, ECF No. 19, PageID 2392). Before ineffective assistance of appellate counsel can be used to excuse a procedural default on appeal, the claim of ineffective assistance of appellate counsel must be submitted to the state courts in the usual course of state court procedure. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Chase v. MaCauley*, 971 F.3d 582, 592 (6th Cir. 2020); *Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007). Sanders Reply cites no place in the record where he submitted his claim of abandonment to the state courts. Instead,

he merely cites to *Maples v. Thomas,* 565 U.S. 266 (2012). In that capital case the Supreme Court

found a procedural default was excused because out-of-state counsel

> failed to take [a] timely appeal from Alabama court's denial of
> postconviction relief, where petitioner's out-of-state counsel, who
> were on record as representing him in postconviction proceedings,
> abandoned him without leave of court, without informing him they
> could no longer represent him, and without securing any recorded
> substitution of counsel, such attorneys' law firm did not represent
> him throughout postconviction proceedings, his local counsel, who
> had agreed to serve only for purposes of enabling out-of-state
> attorneys to appear pro hac vice, did not act as his agent in any
> meaningful sense, and, because out-of-state counsel and local
> counsel continued to be listed as his attorneys, he had no right to
> receive notice, and thus had no warning that he needed to fend for
> himself.

565 U.S. at 266.

As the Magistrate Judge understands Sanders' claim of abandonment, it is that Attorney

Stagnaro abandoned him **after** his direct appeal was decided by not advising him of the necessary

next steps to take, i.e., appealing to the Ohio Supreme Court. The record does not support a finding

of abandonment at the Court of Appeals level. Attorney Stagnaro filed the Notice of Appeal on

October 8, 2014 (State Court Record. ECF No. 14, Ex. 7) as well as Appellant's Brief. *Id.* at Ex.

9. Thus she was acting as Petitioner's attorney and agent when she filed the brief that did not raise

this claim for relief. If omission of this particular assignment of error was indeed ineffective

assistance of appellate counsel, Sanders must obtain a state court determination to that effect before

he can use the omission to excuse his failure to present this claim on direct appeal.

If he had timely appealed to the Ohio Supreme Court, he could have raised this ineffective

assistance of appellate counsel claim there, but that court denied him leave to file a delayed appeal

(Entry, State Court Record, ECF No. 14, Ex. 14). Aside from direct appeal, the sole Ohio

procedure for litigating a claim of ineffective assistance of appellate counsel is by application for

14

reopening the appeal under Ohio R. App. P. 26(B) which must be filed within ninety days of the appellate judgment. Sanders did not file a 26(B) application until April 18, 2019. *Id.* at Ex. 26. The First District denied the Application because it was untimely and found his claim that the delay was caused by ineffective assistance of appellate counsel without merit because he had no right to counsel in completing a 26(B) application. *Id.* at Ex. 30.

Petitioner's Ground Five is therefore procedurally defaulted without excusing cause and prejudice and should be dismissed on that basis.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 27, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such

15

objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.