# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DEANGELO SANDERS,

               Petitioner,     :           Case No. 1:25-cv-00550

     - vs -                      District Judge Michael R. Barrett
                                Magistrate Judge Michael R. Merz

WARDEN, Madison
  Correctional Institution,

                           :
            Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This is a habeas corpus action brought *pro se* by Petitioner Deangelo Sanders to obtain relief from his conviction in the Hamilton County Court of Common Pleas (Petition, ECF No. 1). It is before the Court on Petitioner's Objections (ECF No. 25) to the Magistrate Judge's Report and Recommendations recommending dismissal ("Report," ECF No. 20). District Judge Barrett has recommitted the case for reconsideration in light of the Objections (ECF No. 26).

### Structure of this Supplemental Report

For ease of analysis, this Supplemental Report first summarizes the conclusions reached in the Report, then turns to Petitioner's Objections which will be considered in turn with cross-references to the Ground[s] to which they appear to relate.

1

**Ground One: Failure to Grant a New Trial**

In the First Ground for Relief, Petitioner asserts he was constitutionally entitled to a new trial because he had submitted new evidence and the trial court had denied a new trial without discovery, a hearing, or findings of fact and conclusions of law from the trial court.  The Ohio First District Court of Appeals decided this claim against Sanders on direct appeal (Opinion, State Court Record, ECF No. 14, Ex. 58).  The Report concluded that decision was entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA")(ECF No. 20, PageID 2419).

**Ground Two:  Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief, Sanders asserts he received ineffective assistance of trial counsel when his trial attorney failed to investigate facts allegedly given to him on the day of trial by witness Gracie Gallagher at the time in 2016.  Because Ms. Gallagher's testimony was not in the record on direct appeal, it had to be submitted to the Ohio courts by a petition for post-conviction relief under Ohio Revised Code § 2953.21.  By the time Sanders submitted the substance of Ms. Gallagher's testimony in his second post-conviction petition[1], the trial court was without jurisdiction because he could not satisfy the requirements for a second petition under Ohio Revised Code § 2953.23 and the claim was rejected by the First District on that basis. The Court also noted that, despite Sanders' claim that Ms. Gallagher's testimony was presented in her affidavit, that affidavit had not been filed.

---

[1] This was submitted on the same day as his motion for leave to file a delayed motion for new trial, February 21, 2023.

2

The Report recommended deference to the First District's application of *Strickland v. Washington,* 466 U.S. 668 (1984), because Sanders never proved his attorney got the information from Ms. Gallagher (Report, ECF No. 20, PageID 2419).  Alternatively the claim is barred by procedural default because Sanders never appealed from denial of his second post-conviction petition. *Id.* at PageID 2420.

**Ground Three: Failure to Submit Sentencing Factors to the Jury**

In his Third Ground for Relief, Petitioner asserts he was denied his Sixth Amendment right to a jury participation in the determination of sentence. The Report recommends dismissing this claim on the merits because the United States Supreme Court has never held that jury trial right extended to sentencing except in capital cases and the prosecutor never sought the death penalty in this case (Report, ECF No. 20, PageID 2421).

**Ground Four:  Ineffective Assistance of Trial Counsel For Failure to Claim Jury Trial Right**

The Report recommends dismissing this claim on the same basis as Ground Three (Report, ECF No. 20, PageID 2422).

**Ground Five:  Ineffective Assistance of Trial Counsel for Failure to Object to Hearsay**

The Report recommends dismissing this claim as procedurally defaulted because it was not raised on direct appeal although obvious from the face of the record (Report, ECF No. 20, PageID

2422).

## Petitioner's Objections

### Objection One:  Failure to Grant an Evidentiary Hearing

Petitioner objects that he asked for an evidentiary hearing by attaching a motion for hearing to his reply and the Report does not address this request (Objections, ECF No. 25, PageID 2436). The request was a part of the Reply, ECF No. 19, comprising PageID 2398-2408.  It was not detached and filed separately by the Clerk.  Petitioner is correct that no ruling on the request is included in the Report.

Petitioner asserts an evidentiary hearing is mandatory under *Townsend v. Sain*, 372 U.S. 293 (1963), if he meets any one of the following criteria:

> the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Id.* at 313.  He acknowledges that *Townsend* was restricted by the AEDPA in 28 U.S.C. § 2254(e). However, the much stronger restriction comes in *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020).   The evidence Sanders proposes to present at an evidentiary hearing is all new evidence that was not before the

4

state courts.  *Pinholster* prevents this Court from considering it.  Petitioner's objection that the Magistrate Judge did not grant an evidentiary hearing is factually correct, but legally immaterial and the Objection should be overruled.

**Objection No. 2 "Purported Affidavit Is Not Attached To the Motion"**

Sanders claims the Magistrate Judge misread the record and that the Affidavit of Gracie Gallagher was in fact attached to his Delayed Motion for New Trial (Objections, ECF No. 25, PageID 2438, citing "Doc. No. 14, PageID 596-97").   At the place cited, a copy of the purported Affidavit of Gracie Gallagher appears, not as an attachment to the Delayed Motion for New Trial (filed in the Common Pleas Court February 21, 2023, State Court Record ECF No. 14, Ex. 46), but rather as an attachment to Sanders' "Motion to Correct Omissions," filed in the First District on April 11, 2024 (State Court Record, ECF No. 14, Ex. 66, PageID 596-97).

On appeal from denial of the Delayed Motion for New Trial, the First District wrote "Gallagher's affidavit is not in the record, nor was it attached to the delayed motion for a new trial."  (Opinion, *State v. Sanders*, Ohio App. 1st Dist., March 20, 2024; unreported; copy at ECF No. 14, Ex. 58, PageID 520).  Sanders relies on his Motion to Correct Omissions to prove he "was diligent in notifying the courts, as soon as he learned of the omission." (Objections, ECF No. 25, PageID 2438).  But in denying that Motion, the First District wrote:

> With respect to the motion to correct omissions, the time to correct or supplement the record was during the pendency of the appeal. *See* App.R. 9. Further, the record demonstrates that Sanders was on notice at the time the common pleas court was considering his motion for a new trial and his successive petition that Gallagher's affidavit had either not been filed with the clerk of courts or had not been attached to his motion or petition.

(Entry, *State v. Sanders*, Ohio App. 1st Dist., Aug. 26, 2024; unreported; copy at ECF No. 14, Ex.

69, PageID 603).

Under AEDPA findings of fact by the state courts are presumed accurate unless rebutted by clear and convincing evidence.  Sanders only rebuttal to the First District's finding about the Gallagher affidavit is his speculation that it was somehow lost by the Hamilton County Clerk of Courts.  This Court may not rely on speculation to overturn a fact found by a state court.  The Gallagher Affidavit was not attached to the Delayed Motion for New Trial, not before the trial judge when he denied that motion, and not before the First District on appeal from that denial. Sanders' Objection on this point should be overruled.

**Objection Three:  Magistrate Judge Reliance on Incorrect Portion of State Court Judgment**

In his Third Objection, Sanders argues the Report relies inappropriately on the First District's decision of his First Assignment of Error in deciding his First Ground for Relief.  Instead, he says, it was his Second Assignment of Error that is brought forward in Ground One of the Habeas Petition (Objections, ECF No. 25, PageID 2438-40).

Sanders pleaded as his First Ground for Relief:

> **GROUND ONE:** The State Of Ohio Erred When It Refused To Grant Petitioner A New Trial Due To New Evidence That Established Actual Innocence, Without Conducting Discovery or Further Investigation Through A Hearing.

On appeal from denial of his new trial motion, the First District decided his second assignment of error as follows:

> **{¶7}** In his second assignment of error, Sanders contends that the common pleas court abused its discretion by denying his motion for a new trial without first conducting a "full hearing." Under this assignment, Sanders only argues that the court abused its discretion in denying his motion for a new trial based on the newly discovered evidence of Gallagher's affidavit.

6

> **{¶8}** A motion for a new trial is warranted where the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. *State v. Petro,* 148 Ohio St. 505, 76 N.E.2d 370 (1947), syllabus.
>
> **{¶9}** We review the denial of motion for a new trial for an abuse of discretion. *State v. Finnell,* 1st Dist. Hamilton Nos. C-220440 and C-220441, 2023-Ohio-2563, ¶ 14, citing *State v. Schiebel,* 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus. Although Crim.R. 33(A) contemplates a hearing, it does not mandate an evidentiary hearing on a motion for a new trial. *State v. Hill,* 1st Dist. Hamilton No. C-180114, 2019-Ohio-365, ¶ 69. A trial court is not required to hold an evidentiary hearing where the trial record demonstrates that the new-trial motion lacks merit. *Id.* at ,r 70.
>
> **{¶ 10}** Because the new-trial motion lacked merit, the common pleas court did not abuse its discretion in denying the motion for a new trial without an evidentiary hearing. Sanders's second assignment of error is overruled.

*State v. Sanders, supra.*

One way to view the First District's decision on the Sanders' second assignment of error is to see it as a procedural decision.  It does clearly hold that it was not abuse of discretion for the Common Pleas Court to decide the new trial motion without discovery or a hearing.  Claims of abuse of discretion are not reviewable in habeas corpus because abuse of discretion is not a denial of due process or any other federal constitutional right *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995). Aside from abuse of discretion, there is no federal constitutional right to a new trial.

Another way to read the First District's decision is as a decision on the merits.  The First District clearly held the new trial motion was without merit as the premise for its denial of the second assignment of error.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000) *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).  Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Sanders has not shown that the First District's decision is an objectively unreasonable application of Supreme Court precedent.  Proof of actual innocence does not entitle a prisoner to habeas corpus relief.  *Herrera v. Collins*, 506 U.S. 390, 408-11 (1993).  Proof of actual innocence may enable a habeas petitioner to avoid a procedural default.  *McQuiggin v. Perkins*, 569 U.S. 383 (2013).  But the Gallagher Affidavit, even if it were properly before the Ohio courts, does not meet the standard for proving actual innocence of the Supreme Court.  *McQuiggin*; *supra*; *Schlup v. Delo*, 513 U.S. 298, 319 (1995).

Sanders First Ground for Relief, read as a claim that he is entitled to habeas corpus relief because he has proven he is actually innocent, is without merit.  Sanders' Objection Three should be overruled and Ground One should be dismissed.

**Objection Four:  Regarding 'Adjudication of Claim on the Merits"**

In his Fourth Objection, Sanders claims he is entitled to *de novo* review of his actual

innocence claim on the merits because the First District did not reach the merits.  For reasons given above, the Magistrate Judge concludes the First District did reach the merits of his claim that the Gallagher Affidavit proved he was innocent.  In this section of his Objections, however, Sanders asserts he is entitled to *de novo* consideration of his claim of actual innocence under *Brown v. Allen*, 344 U.S. 443 (1953).  Sanders asserts *Brown v. Allen* is still the governing law on this point, citing *Brown v. Smith,* 551 F.3d 424 (6th Cir. 2008).  In the latter case the Sixth Circuit held review of an ineffective assistance of trial counsel claim would be *de novo* when the state courts had not decided the claim on the merits.  That of course is not the situation here where the First District did decide Sanders' claim on the merits.  Furthermore, the Sixth Circuit has recognized that *Brown v. Smith* was overruled by *Cullen v. Pinholster,* 563 U.S. 170 (2011).  *Miles v. Floyd*, 2025 WL 902800 (6th Cir. Mar. 25, 2025).  Sanders' Fourth Objection should be overruled.

**Objection No. 5. Regarding The Application of AEDPA Deference**

As shown above, the First District did decide Sanders' actual innocence claim on the merits by finding that the Gallagher testimony, even though not before the court in affidavit form, did not entitle Sanders to relief because the claim was without merit.  As stated in the initial Report, Sanders has not shown that decision is an objectively unreasonable application of Supreme Court precedent and he does not attempt to do so in these Objections.

**Objection No. 6 In Regards To Application Of Procedural Default And Fair Presentation**

On February 21, 2023, Sanders filed both his Delayed Motion for New Trial and a

Successive Petition for Post-conviction Relief under Ohio Revised Code § 2953.21 (Opinion, *State v. Sanders,* State Court Record, ECF No. 14, Ex. 58, ¶ 3, PageID 519). Both were denied, but Sanders only appealed the new trial decision. The Gallagher testimony was not part of the record on direct appeal, so it had to be put before the Ohio courts in a post-conviction proceeding, i.e., it was material *dehors* the record. Sanders did not include it in his first petition for post-conviction relief. Ohio places strict limitations on second or successive post-conviction petitions. The Common Pleas Court decided Sanders did not meet those conditions and therefore denied his successive petition. Although he appealed from denial of his motion for new trial, he never appealed denial of the successive post-conviction petition. Therefore he procedurally defaulted any claims made in that petition. He has not offered any excuse for that default. Therefore his Sixth Objection should be overruled.

**Objection No. 7 Concerning The Merits**

The Report concluded Sanders had not shown ineffective assistance of trial counsel consisting in trial counsel's failure to present the Gallagher testimony because he had not shown trial counsel was aware of what she had to say. Sanders objects, essentially, that it was trial counsel's duty to investigate Gallagher's possible testimony. Not so. Taking Gallagher's testimony on its face, she claims she came to trial counsel on the morning of trial to give her testimony. Where is the proof? Her affidavit only gets formulated many years after the trial and then is not properly presented to the Ohio courts. Even if the affidavit is true, it is very unlikely that a busy trial court would, on the morning of trial, grant a continuance for additional investigation, with jurors, opposing counsel, and court staff waiting. Sanders' Seventh Objection

10

should be overruled.

**Objection No. 8 Regarding The Merits of The Ground [Three]**

**Objection No. 9 Regarding The Procedural And Statutory Bars**

As noted above, Sanders Third Ground for Relief claims he was entitled to jury participation in determination of sentence. The Report recommends dismissal on the merits because no Supreme Court decision upholds any such right.  In his Objection Eight, Sanders relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  In that case the Supreme Court held "[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."  Here the other facts considered by the trial court were not facts that increased the maximum penalty possible, but facts relevant to the trial court's choosing of a sentence allowed by the statute.  There was not jury trial right as to those facts.  Sanders Eighth and Ninth Objections should be overruled.

**Objection No. 10 In Regards to the Merits**

In his Fourth Ground for Relief, Sanders claimed he received ineffective assistance of trial counsel when his attorney did not object to having sentence decided by the judge alone.  The Report recommends denying Ground Four because it is not ineffective assistance of trial counsel to fail to make a meritless claim.  In this Tenth Objection, Sanders merely reiterates his reliance on *Apprendi* which does not support his claim.

**Objection No. 11 In Regards To Procedural Default**

In his Fifth Ground for Relief, Sanders asserted he received ineffective assistance of trial counsel when his trial attorney did not object to hearsay. The Report found this claim procedurally defaulted because it would have appeared on the face of the direct appeal record and should have been raised in that proceeding.

Sanders offers as excusing cause and prejudice that his appellate attorney abandoned him during the course of the appeal. Ineffective assistance of appellate counsel will excuse the procedural default of failing to include an assignment of error. However, the petitioner must first submit the ineffective assistance of appellate counsel claim to the state courts and obtain a favorable decision. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Chase v. MaCauley*, 971 F.3d 582, 592 (6th Cir. 2020); *Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007). Ohio's procedure to obtaining such a finding is by application for reopening under Ohio R. App. P. 26(B). The Report noted that a 26(B) application must be filed within ninety days of appellate judgment and

> Sanders did not file a 26(B) application until April 18, 2019. *Id.* at Ex. 26. The First District denied the Application because it was untimely and found his claim that the delay was caused by ineffective assistance of appellate counsel without merit because he had no right to counsel in completing a 26(B) application. *Id.* at Ex. 30.

(Report, ECF No. 20, PageID 2424). Sanders asserts he did not need to file an Application for Reopening because "in Ohio both a Motion for New Trial and a Direct Appeal are both mechanisms to attack such issues." (Objections, ECF No. 25, PageID 2451). Sanders cites no authority to that effect and the Magistrate Judge is not aware of any.

Lastly, Sanders argues "Petitioner did not need to obtain a finding of counsel abandonment from a State Court in order to argue cause for an alleged default on Habeas review." (Objections, ECF No. 25, PageID 2451, citing *Maples v. Thomas*, 565 U.S. 266 at 281 (2012)). The Supreme

Court in *Maples* did hold that when an attorney severs the client relationship, the client is no longer bound by the acts or omissions of the attorney. But the Court did not hold that a client can use an attorney's failure to raise an issue as cause without finding that the relationship has been severed. Attorney Stagnaro filed Sanders' brief on appeal (Brief, State Court Record, ECF No. 14, Ex. 9). She was still listed as his counsel when the First District delivered its decision; the record indicates it was sent to her in that capacity. *Id.* at Ex. 11. Sanders argues she "discontinued contact completely after signing on." That claim is not supported by any record reference; whether she continued to talk with Sanders, she filed a brief on his behalf. Sanders provides no proof that he told her to raise this hearsay issue, nor does he provide proof that it was an arguable assignment of error. As proof that the state courts accepted his argument that counsel abandoned him, he cites the totally conclusory entry granting him leave to file a delayed new trial motion (Objections, ECF No. 25, PageID 2451, citing PageID 418). Whatever reason the trial court had for granting that permission, it did not make a finding that Attorney Stagnaro had abandoned Sanders. Petitioner's Eleventh Objection should be overruled.

**Conclusion**

Having reviewed the case in light of Petitioner's Objections, the Magistrate Judge adheres to his prior recommendation: The Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 25, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #